# EXHIBIT A

Civil Action No. 2014 V 0253

Date Filed 3/28/2014

Superior Court ☒
State Court ☐
Georgia, ~~DeKalb County~~ FAYETTE County

**Attorney's Address**

Millar & Mixon, LLC
1691 Phoenix Blvd., Suite 150
Atlanta, GA 30349

Carl Graves
_____ **Plaintiff**

VS.

Estes Heating & Air
Conditioning, Inc. et al
_____ **Defendant**

**Name and Address of Party to be Served**

Estes Heating & Air Conditioning, Inc.
3981 Tradeport Blvd.
Atlanta, Georgia 30354

_____ **Garnishee**

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

☒ Served the defendant Estes Heating & Air Conditioning, Inc et al a corporation by leaving a copy of the within action and summons with Tommy Estes - Owner in charge of the office and place of doing business of said Corporation in this County.

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 24 day of Apr , 20 14 .

_____ 12140
DEPUTY

SHERIFF DOCKET _____ PAGE _____

# General Civil Case Filing Information Form (Non-Domestic)

**Court**  **County** Fayette  **Date Filed** 03/28/2014
☑ Superior                                                 MM-DD-YYYY
☐ State       **Docket #** 2014V-0253
                                    CCE

**Plaintiff(s)**                                        **Defendant(s)**
Graves, Carl                                            Estes Heating & Air Conditioning, Inc.
Last   First   Middle I.  Suffix  Prefix   Maiden       Last   First   Middle I.  Suffix  Prefix   Maiden

                                                        Estes, Brian
Last   First   Middle I.  Suffix  Prefix   Maiden       Last   First   Middle I.  Suffix  Prefix   Maiden

                                                        Estes, Tommy
Last   First   Middle I.  Suffix  Prefix   Maiden       Last   First   Middle I.  Suffix  Prefix   Maiden

Last   First   Middle I.  Suffix  Prefix   Maiden       Last   First   Middle I.  Suffix  Prefix   Maiden

**No. of Plaintiffs** 1                                 **No. of Defendants** 3

**Plaintiff/Petitioner's Attorney**       ☐ Pro Se

Mixon, J. Stephen
Last      First      Middle I.   Suffix

**Bar #** 514050

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify  29 U.S.C. Sec. 201 - FLSA Violations

### If Tort is Case Type: (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☑ Yes  ☐ No

FILED IN OFFICE
2014 MAR 28 PM 1:53
SHEILA STUDDARD, CLERK
CLERK OF SUPERIOR COURT
FAYETTE COUNTY, GA.

# IN THE SUPERIOR COURT OF FAYETTE COUNTY

## STATE OF GEORGIA

Carl Graves

Civil Action Number  2014V-0253
CCE

**PLAINTIFF**

VERSUS

Estes Heating & Air Conditioning, Inc. b/b/a Estes Heatign and Air a/k/a Estes Services, Brian Estes, & Tommy Estes

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 28th day of March, 2014.

Sheila Studdard
Clerk of Superior/State Court
BY: _Sheila Studdard_
Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties, if needed, and make notation on this sheet if addendum sheet is used.

FAYETTE COUNTY SUPERIOR COURT
STATE OF GEORGIA

FILED IN OFFICE
CLERK OF SUPERIOR COURT
FAYETTE COUNTY, GA.

2014 MAR 28 PM 1 53

SHEILA STUDDARD, CLERK

| | |
|---|---|
| Carl Graves, individually and on behalf of all others similarly situated, collectively, : : : : Plaintiff, : : v. : : Estes Heating & Air Conditioning, : Inc. d/b/a Estes Heating and Air : a/k/a Estes Services, Brian Estes, : and Tommy Estes, : : Defendants. : : | CIVIL ACTION FILE NO. 2014V0253 CCE JURY TRIAL DEMANDED |

## COMPLAINT

This is a civil action seeking recovery for Plaintiff and all similarly situated employees of overtime wages, and statutory minimum wages, liquidated damages, interest, attorneys fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff, on behalf of himself and all other persons similarly situated, also seek damages for Defendants' failure to make, keep and preserve accurate records required by the FLSA, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff and all other similarly-situated individuals.

## JURISDICTION

1.

This Court has subject matter jurisdiction pursuant to 29 U.S.C. Section 206.

2.

Plaintiff is subject to the jurisdiction of this Court by virtue of the present claim.

3.

Defendants Estes Heating & Air Conditioning, Inc. d/b/a Estes Heating and Air a/k/a Estes Services (hereinafter "Estes Heating"), Brian Estes (hereinafter "Defendant Brian Estes"), and Tommy Estes (hereinafter "Defendant Tommy Estes") (collectively "Defendants") are subject to the jurisdiction of this Court.

4.

VENUE

Venue is proper in Fayette County, Georgia, as the omissions complained of herein happened in Fayette County, Georgia.

5.

PARTIES

Plaintiff Carl Graves (hereinafter "Plaintiff" or "Graves") is a citizen of the United States.

6.

Mr. Graves was employed by Defendants at all times relevant herein, as a service technician. As a service technician, Mr. Graves was a laborer, repair person, heating and air conditioning installer, and heating, ventilation, air-conditioning technician.

7.

Mr. Graves regularly worked hours in excess of forty hours per week, and was subjected to Defendants' unlawful policies during the relevant time period.

8.

Plaintiff brings this action on behalf of himself, similarly situated employees of Defendants and the public pursuant to the Fair Labor Standards Act, 29 U. S.C. Section 201, et seq.

9.

At all times herein mentioned, on information and belief, Defendant Estes Heating is a corporation formed under the laws of the State of Georgia.

10.

Defendant Estes Heating may be served by service upon its registered agent John M. Waldorf, 69 Jennifer Drive, Forsyth, Georgia 31029, if formal service of process is not waived.

11.

Defendant Brian Estes, upon information and belief, is a resident of the state of Georgia.

12.

Defendant Brian Estes, upon information and belief, may be served with a copy of this lawsuit by serving him at 3981 Tradeport Boulevard, Atlanta, Georgia 30354, if formal service of process is not waived.

13.

Defendant Tommy Estes, upon information and belief, is a resident of the state of Georgia.

14.

Defendant Tommy Estes, upon information and belief, may be served with a copy of this lawsuit by serving him at 3981 Tradeport Boulevard, Atlanta, Georgia 30354, if formal service of process is not waived.

## FACTS

15.

Plaintiff was hired by Defendant Estes Heating in or around February 19, 1988, as a technician.

16.

Plaintiff also brings this action on behalf of other similarly situated employees who were also service technicians employed by Defendants (hereinafter the "Collective Group").

17.

The Collective Group who were also service technicians had similar job duties, working conditions, and were subjected to similar illegal employment practices by Defendants.

18.

Plaintiff and the Collective Group are similarly situated in that they have substantially similar job requirements and pay provisions, and were/ are subject to Defendants' common practice, policy, or plan of unlawfully characterizing the Plaintiff and the Group as exempt employees and refusing to pay them minimum wage and overtime in violation of the FLSA.

19.

Defendant Estes Heating, Defendant Brian Estes, and Defendant Tommy Estes are employers within the meaning of the FLSA, 29 U.S.C. § 203(d) as it was acting directly or indirectly in its own interest as an employer in its interactions with Plaintiff and controlled the terms and conditions of employment of Plaintiff on a day-to-day basis.

20.

Plaintiff and the Collective Group were employees engaged in commerce, *i.e.*, installing parts manufactured and shipped through interstate commerce, and obtaining payments through interstate commerce for services provided.

21.

Upon information and belief, Defendants had gross revenues exceeding $500,000 per year in each year in which Plaintiff was employed.

22.

Upon information and belief, Defendants had gross revenues exceeding $500,000 per year in each of the last three years preceding the filing of this action.

23.

Defendants, at all times relevant to this action, were engaged in an enterprise engaged in commerce, *i.e.,* the repair, installation, maintenance, and service of heating and air conditioning units with parts and components obtained through interstate commerce and using interstate banking.

24.

Upon information and belief, Defendants knew that Plaintiff and the Collective Group performed work that require minimum wage and overtime pay.

25.

Defendants have operated under a scheme to deprive the Plaintiff and Collective Group members of minimum wage and overtime compensation by failing to properly compensate them for all hours worked.

26.

Defendants' unlawful conduct has been widespread, repeated and consistent.

27.

Defendants' conduct, as set forth in the Complaint, was wilful and in bad faith, and has caused significant damages to Plaintiff and the Collective Group.

28.

Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the class.

29.

There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

30.

Those similarly situated former and current employees are know to Defendants are readily identifiable through Defendants' records.

31.

The cause of action for violations of the FLSA may be brought and maintained as a "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216(b) since the claim of the Plaintiff are similar to the claims of the Class members.

32.

As service technicians, Plaintiff and the Collective Group were not subject to any exemption under the FLSA.

33.

Plaintiff and the Collective Group are, and at all times relevant to this Complaint, properly classified as FLSA non-exempt, hourly employees.

34.

The compensation system used by the Defendants for the Plaintiff and the Collective Group was a "piecework no overtime" system, meaning such employees were being paid a certain amount for each "piece" of work they performed pursuant to a schedule.

35.

Plaintiff and the Collective Group were not being paid time and one-half their "regular hourly rate" for work in excess of 40 hours a week required by the FLSA based upon the hours they actually worked each week and the total basic "piece rate" they were paid.

36.

Defendants, in furtherance of their "piecework no overtime" pay scheme would falsely list certain hours and compensation on Plaintiff and the Collective Group' pay stubs, such listings being inaccurate in terms of hours actually worked and not reflecting any attempt to pay one and one half times the "regular rate" as required by the FLSA, as the purported payments were based upon completely fictitious and knowingly false "regular rates" concocted by the Defendants.

37.

Defendants have operated under a scheme to deprive the Plaintiff and Class members of minimum wage and overtime compensation by failing to properly compensate them for all hours worked for the pecuniary gain of the Defendants.

38.

Defendants' conduct, as set forth in the Complaint, was wilful and in bad faith, and has caused significant damages to Plaintiff and the Class.

## FIRST CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE AND OVERTIME

39.

Plaintiff and the Collective Group reallege paragraphs 1 – 42, above, as if more fully set forth herein.

40.

Plaintiff and the Collective Group regularly worked more than forty (40) hours per week, but were not paid overtime.

41.

Plaintiff and the Collective Group were not exempt from the overtime pay requirement of the FLSA because they are HVAC technicians, and do not spend a majority of their time on exempt tasks, and do not customarily and regularly exercise discretion and independent judgment in matters of consequence to Defendants' business.

42.

Defendants have violated the FLSA by not paying the required overtime toe Plaintiff and the Collective Group.

43.

Plaintiff and the Collective Group were entitled to payment of minimum wage for all hours worked less than 40 hours per week.

44.

Plaintiff and the Collective Group were not exempt from the minimum wage requirement of the FLSA.

45.

Defendants have violated the FLSA by not paying the required minimum wage to Plaintiff and the Collective Group.

46.

Pursuant to 29 U.S.C. Section 216(b) Plaintiff requests and order requiring Defendants to make restitution of all minimum and overtime wages due to Plaintiff and the Collective Group, in an amount to be proved at trial.

SECOND CAUSE OF ACTION: INJUNCTIVE RELIEF

47.

Plaintiff and the Collective Group reallege paragraphs 1 – 46, above, as if more fully set forth herein.

48.

Defendants' failure to pay overtime and minimum wages to Plaintiff and members of Collective Group under 29 U.S.C. Section 201, et seq., and failure to keep proper records, as alleged herein, constitute unlawful activity.

49.

The actions of Defendants in failing to pay Plaintiff and members the Collective Group in a lawful manner gives rise to this Court granting injunctive relief pursuant to 29 U.S.C. Section 217.

50.

Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public as representatives of all others subject to Defendants' unlawful acts and practices.

51.

As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Collective Group.

52.

Defendants should be enjoined from this activity and made to disgorge these ill- gotten gains and restore to Plaintiff and the Collective Group the wrongfully withheld wages, pursuant to 29 U.S.C. Section 217.

53.

Plaintiff is informed and believe, and thereon allege, that Defendants are unjustly enriched through their failure to pay overtime and minimum wages to Plaintiff and members the Collective Group.

54.

Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Collective Group are prejudiced by Defendants' unlawful conduct.

55.

As a direct and proximate result of the unlawful business practices of Defendants, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages and pay that have been unlawfully withheld from Plaintiff and members Collective Group as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

56.

The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to avoid paying overtime, prevailing wages, minimum wages, and appropriate taxes, insurance, and unemployment withholdings,

57.

Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendants to continue engaging in the practices described hereinabove.

### THIRD CAUSE OF ACTION: DECLARATORY RELIEF

58.

Plaintiff and the Class reallege paragraphs 1 – 57, above, as if more fully set forth herein.

59.

An actual controversy has arisen and continues to exist between Plaintiff and Defendants in that Plaintiff contends that he was not exempt employee, whereas Defendants may claim that Plaintiff was exempt employee.

60.

A judicial declaration is necessary and proper at this time to resolve this actual controversy between Plaintiff and Defendants and to establish the respective rights and duties of the parties.

**WHEREFORE**, the Plaintiffs request this Court:

(a)   Take jurisdiction of this matter;

    (b)   Permit this case to proceed as an FLSA class action under 29 U.S.C. §216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue and Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the class he represents were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f) Award Plaintiff and each member of the class he represents payment for each hour worked up to forty hours in a workweek in the three years preceding the filing of this Complaint at the minimum wage rate required by law, plus liquidated damages equaling 100% of the minimum wages due each Plaintiff and class member, as required by the FLSA;

(g) Award Plaintiff and each member of the class he represents payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due each Plaintiff and class member, as required by the FLSA;

(h) Award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(i) Award Plaintiff and each member of the class he represents their reasonable attorney's fees and costs;

(j)   Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 28th day of March, 2014.

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
Counsel for Plaintiff

*/s/ Alex R. Roberson*
Alex R. Roberson
Georgia Bar No. 558117
Counsel for Plaintiff

MILLAR & MIXON, LLC
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia  30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039

**FAYETTE COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

FILED IN OFFICE
CLERK OF SUPERIOR COURT
FAYETTE COUNTY, GA.

2014 MAR 28 PM 1 53

SHEILA STUDDARD, CLERK

| | |
|---|---|
| **Carl Graves, individually and on behalf of all others similarly situated, collectively,** | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 2014V-0253 CCE |
| **Estes Heating & Air Conditioning, Inc. d/b/a Estes Heating and Air a/k/a Estes Services, Brian Estes, and Tommy Estes,** | |
| Defendants. | **JURY TRIAL DEMANDED** |

## VERIFICATION AND CONSENT TO SERVE AS PARTY PLAINTIFF

COMES NOW Plaintiff, Carl Graves (hereinafter "Plaintiff") who having been sworn states that the facts contained in the foregoing Complaint are true and accurate to the best of his knowledge, and that he consents to becoming a party plaintiff in the above-styled action filed in the Superior Court of Fayette County, Georgia.

Consented to this 26th day of March, 2014.

_____
Carl Graves

Sworn to and subscribed before
Me this 26th day of March, 2014.

_____
Notary Public
My commission expires:
2/29/2016

